UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNTRUST BANK,

    Plaintiff,

vs.	Case No. 8:11-cv-601-T-24-EAJ

EDWARD J. RANDALL, a/k/a
Edward James Randall, a/k/a,
Edward Randall a/k/a
Ed Randall,

    Defendant.
_____

## O R D E R

This cause comes before the Court for consideration of a Motion for Final Default Judgment filed by Plaintiff SunTrust Bank, pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 1.07 of the Local Rules of the Middle District of Florida.  (Dkt. 16.)

**I.	Background**

On March 22, 2011, Plaintiff SunTrust Bank filed a Complaint against Defendant Edward J. Randall for breach of a financial instrument.  (Dkt. 1.)  Plaintiff alleged the following: Defendant executed and delivered an Instrument to Plaintiff in the principal amount of $134,500.00, regarding real property.  Plaintiff is the owner and holder of the instrument. Defendant failed to make scheduled installment payments under the Instrument, and is in default. Defendant is indebted to Plaintiff for the unpaid balance of the Instrument, plus interest, attorney's fees, costs, and other charges.

Defendant failed to respond to the Complaint after being properly served.  When Defendant failed to respond, the Clerk entered a default against him on August 18, 2011. (Dkts.

11, 14.)

## II. Motion for Default Judgment

Plaintiff SunTrust Bank now moves for a final default judgment against Defendant. When a defendant fails to plead or otherwise defend, the "defaulted defendant admits well-pleaded allegations of liability." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). If "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and . . . there is a substantive, sufficient basis in the pleadings for the particular relief sought," entry of default judgment is appropriate. *Tyco Fire & Sec. v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007).

To date, Defendant still has not responded to the Complaint, despite being properly served. Therefore, the well-plead factual allegations contained in the Complaint, including that Defendant executed an Instrument in favor of Plaintiff, that he has failed to make scheduled payments under that Instrument, and that he is in default, are deemed admitted. Pursuant to Rule 55, Plaintiff is entitled to a default judgment for the unpaid balance of the Instrument, plus interest, attorney's fees, costs, and other charges.

Here, Plaintiff contends that Defendant owes an outstanding balance of $133,031.15. In addition, Plaintiff seeks pre-judgment interest on the principal, accruing at the rate of 8.840%, which equates to $32.22 per diem, from November 10, 2008, which is the date of the last payment received, through the date of the Judgment, and the costs of this action. In support of this request Plaintiff has submitted an affidavit from a records custodian at SunTrust Bank who attests to the amount of the outstanding balance, as well as the interest. (Dkt. 16, Ex. 1.)

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment (Dkt. 16) is **GRANTED**. The Clerk is directed to enter judgment in favor of Plaintiff SunTrust Bank, and against Defendant Edward J. Randall, a/k/a Edward James Randall, a/k/a Edward Randall, a/k/a Ed Randall, in the amount of $133,031.15, plus pre-judgment interest on the principal, accruing at the rate of 8.840%, which equates to $32.22 per diem, from November 10, 2008, the date of last payment received, through the date of judgment. If Plaintiff wishes to recover its costs in this matter, it must do so by filing a separate motion. As there are no remaining claims before the Court, the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of August, 2011.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record